**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| OLGA TORRES AND PEDRO BONILLA<br><br>　　Plaintiffs<br><br>vs.<br><br>BELLA VISTA HOSPITAL, INC. BANCO POPULAR DE PUERTO RICO THE ANTILLIAN UNION CONFERENCE OF THE SEVENTH DAY ADVENTISTS, THE RETIREMENT COMMITTE OF THE GENERAL CONFERENCE OF THE SEVENTH DAY ADVENTIST INTERAMERICAN DIVISION, THE GENERAL CONFERENCE OF THE SEVENTH DAYS ADVENTIST, BELLA VISTA HOSPITAL PENSION PLAN AND TRUST, THE ADVENTIST OF THE SEVENTH DAY INTERAMERICAN DIVISION RETIREMENT PLAN, BELLA VISTA HOSPITAL INC. 401 K PLAN AND TRUST, THE WATSON WYATT COMPANY, PANEL, KERR & FOSTER, MIGUEL RAMOS, the conjugal partnership between him and her spouse, Johan Doe, RUBEN PEREZ, the conjugal partnership between him and his spouse, Johan Roe<br><br>　　Defendants | CIVIL NO. 2006-2158 (JAG)<br><br><br><br><br>COMPLAINT FOR DECLARATORY JUDGMENT, ERISA |

**OPPOSITION TO REPORT AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE**

To the Honorable Court:

　　Come now co-defendants, Bella Vista Hospital, Inc. and Mr. Ruben

Pérez as Vice President of Bella Vista Hospital, Inc., only through their undersigned attorney and respectfully allege and pray:

## I. INTRODUCTION:

1. On August 23, 2007, U. S. Magistrate Bruce J. McGiverin rendered a Report and Recommendations to this Honorable Court regarding various motions to dismiss and their replies filed by defendants and plaintiffs respectively.

2. In the U. S. Magistrate´s Report he recommends this Honorable Court that the motion to dismiss for lack of subject matter jurisdiction filed by the appearing party be denied.

The motion to dismiss filed by the appearing party was fundamentally grounded in the fact that the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. Section 1001 et sec. (ERISA) is not applicable to this case in view of the fact that Hospital Bella Vista Pension Plan is a "church plan".

The Honorable U. S. Magistrate Judge recognizes that a "church plan" is exempted from ERISA if the plan fulfills certain requirements. The Honorable U. S. Magistrate Judge did not consider that Hospital Bella Vista Pension Plan fulfilled said requirements and therefore, denied our motion to dismiss grounded on lack of subject matter jurisdiction.

3. The U.S. Magistrate Judge also denied Banco Popular´s motion to dismiss and Wyatt Watson´s motion to dismiss and fundamentally

2

grounded both denials in the fact that ERISA is applicable in this case and that this Honorable Court has subject matter jurisdiction.

The above-mentioned entities also alleged that Hospital Bella Vista Pension Plan is not covered by ERISA and exempted, therefore, depriving this Honorable Court from jurisdiction.

4. The Honorable U. S. Magistrate Judge recommended in his report to this Honorable Court that it denies the above-mentioned motions filed by the above-mentioned parties; recommended that a motion filed by Mr. Rubén Pérez be granted and that another motion filed by co-defendant Pannel Kerr & Foster´s motion be granted.

The appearing party was granted until September 7, 2007 to file objections to the Report and Recommendations but within and before said date, the appearing party filed a motion requesting additional time to file the opposition to the Report and Recommendations on September 6, 2007, (docket number 75).

This Honorable Court granted the above-mentioned motion on September 10, 2007 (docket number 76) and therefore, the appearing party has until September 21, 2007 to file its objections and opposition to the Report and Recommendations.

5. In compliance with the above, the appearing party presents and entertains the most important issue in which the U. S. Magistrate Judge grounded his report and which is whether or not Bella Vista Pension Plan

3

is or not a "church plan" and subject to ERISA.

### HOSPITAL BELLA VISTA´S PENSION PLAN IS A "CHURCH PLAN" AND EXEMPTED FROM ERISA

The appearing party believes that when the U. S. Magistrate Judge issued its Report and Recommendations, he was unfamiliar of certain issues involving Hospital Bella Vista and a church. The defendants, including the appearing party, relied practically only in a ruling of the Internal Revenue Service and plaintiffs´certain allegations representing that this was a pension plan sponsored by religious institutions such as the Bella Vista Hospital Benefit Plan. Unfortunately the Magistrate Judge had no knowledge of the relationship of Bella Vista and the Church to which it belongs. As a matter of fact, plaintiffs recognizes that from 1990 on, the Hospital Bella Vista´s Pension Plan was indeed a "church plan" and this issue is also admitted by the U. S. Magistrate Judge at page three (3) second paragraph of his Report.

In March 15, 2000 the Internal Revenue Service entered a ruling classifying Hospital Bella Vista Pension Plan as a "church plan" under the provisions of Section 414 (e) of the IRC (IRS ruling. See Exhibit C of Banco Popular´s Motion to Dismiss, docket number 34).

It is clear that from the Internal Revenue Service´s standpoint of view, Hospital Bella Vista Pension Plan is a "church plan" as ruled upon by said agency which are experts in the field and to which agency this Honorable Court should exercise its deference Tupper vs. U.S., 234 F. 3d,

4

444, 1rst. Circuit, and only disregard it if the interpretation is not reasonable. There are no valid reasons in our case to disregard the definition made by the IRS of a "church plan" considering all the facts of this case as will be discussed infra.

**PLAINTIFFS´ALLEGATIONS:**

Plaintiffs in their complaint recognized the following:

1. That Bella Vista Hospital Inc. is a non-profit organization organized under the laws of Puerto Rico and operated by defendant, The General Conference of the Seventh Day Adventist in Mayaguez, Puerto Rico.

2. That Bella Vista Hospital Inc. responds to the Antillian Union of the Seventh Day Adventist Church. Although the name Antillian Union of the Seventh Day Adventist Church is none existent, the correct name to whom Bella Vista Hospital, Inc. responds is Unión Adventista Puertorriqueña.

3. That "Antillian Union of the Seventh Day Adventist Church" whose correct name is Unión Adventista Puertorriqueña reports to the Interamerican Division of the General Conference of the Seventh Day Adventist.(Paragraph three (3) of the complaint.)

4. That the Antillian Union Conference of the Seventh Day Adventist is a co-administrator of the plan. Although the Antillian Conference of the Seventh Day Adventist is none  existent, the correct name is Unión Adventista Puertorriqueña.

5. That the President and the Vice-President of the Finance

Committee are officers of the Antillian Conference of the Seventh Day Adventist (the correct name being Unión Adventista Puertorriqueña) and plaintiffs recognize that said persons are Board members of said organization. (See page four (4) fifth (5) paragraph of the complaint).

6.    That the General Conference of the Seventh Day Adventist, Interamerican Division is located at 8100 SW 10 Avenue, Miami, Florida, 33183-4287 and that said corporation was designated as administrator and named fiduciary of the plan, according to a Certificate of Corporate Resolution of Bella Vista Hospital, Inc. (See paragraph six (6) of page five (5) of the complaint).

7. That defendant, the General Conference of the Seventh Day Adventist, hereinafter called The Conference, is a corporation authorized to do business in Puerto Rico since June 8, 1915 and it co-sponsors Bella Vista Hospital, Inc.´s Pension Plan and its offices are located at 12501 Old Columbia Pike, Silver Springs, Maryland, 20904-6600. (See paragraph seven (7) of page five (5) of the complaint).

8. That Bella Vista Hospital, Inc.´s Pension Plan, hereafter called The Plan, is an Employee Pension Benefit Plan and is a defined plan and that Bella Vista Hospital, Inc. is located at Carretera 349, Kilometer 2.7, Cerro Las Mesas, Mayaguez, Puerto Rico 00680. (See the eighth (8) paragraph of the complaint)

9. That the General Conference of the Seventh Day Adventist,

6

Interamerican Division Retirement Plan is another retirement plan established and administered by the Interamerican Division for its workers, including Bella Vista Hospital, Inc. (See ninth (9) paragraph, page six (6) of the complaint).

10. That Bella Vista Hospital, Inc.´s 401 K Plan is a defined contribution plan established in January 1, 1999 and administered by Bella Vista Hospital, Inc. (See paragraph ten (10) of the complaint).

Consequently, it is clear from the specific allegations contained in the complaint and addressed by plaintiffs that Bella Vista Hospital Inc., the Seventh Day Adventist Interamerican Division, the General Conference of the Seventh Day Adventist and the erroneously named Antillian Conference of the Seventh Day Adventist, are intermingled between them and all are adventists organizations. Therefore, it is advisable to mention that all the above are part of a religious and educational organization whose main entity is the General Conference of the Seventh Day Adventist Church with offices in Silver Springs, Maryland, as mentioned and alleged by plaintiffs in their complaint.

The General Conference of the Seventh Day Adventist originated from an advent movement which began its prophetic journey in the year 1844.

In 1860 a church named Seventh Day Adventist was chosen and a legal body created to hold church property. In 1861 the organization had its first conference and involved organizing local churches with the

members signing church covenants and various churches were organized into one united body to constitute what is at the present time the local conference.

In 1863 the General Conference was organized gathering into one organization in a number of local conferences which had been created by the time. The advent movement took an organized and coordinated course.

The Seventh Day Adventist is regarded as a worldwide family of Christian believers. The Adventist presence manifests itself in nearly every country of the globe. Administratively the Church is served through as 13 regional areas of the world. No matter where you are, you will find a Seventh Day Adventist believer, you will find them to adhere to the ideas described in the Bible and their lives illustrating both faith in God and the Church´s commitment to the betterment of all human beings.

The mission of the church places great emphasis on different aspects of human freedom and responsibility. These include religious liberty and human rights, humanitarian aid and development of better lifestyles and wholeness, education and personal growth as well as social issues and community involvement.

The Seventh Day Adventist have taken to heart the Gospel commission found in Mathew 28, to go and teach all nations and baptize them. As a result of this, the Seventh Day Adventist has grown to a worldwide organization with a presence in more than two hundred (200)

countries which desire to share the Gospel genuinely with love for fellow human beings and the desire to share the hope that comes from a relationship with Jesus Christ.

The Adventist World Divisions are distributed practically in the whole world. It has organizations in North American, South America, East Central Africa, European Africa, Southern Africa, Indian Ocean, South Europe, West Central Africa, Euro-Asia, Northern Asia, Northern-Pacific Asia, South-Pacific Asia and Southern Asia and the Caribbean.

All these organizations are part of a main entity called the General Conference of the Seventh Day Adventist Church and Hospital Bella Vista, Inc. belongs to it and reports to the Puerto Rican Union or Unión Adventista Puertorriqueña and the Unión Adventista Puertorriqueña together with the North Mexican Union, North Central American Union, Inter-Oceanic Mexican Union, Haitian Union, French Antilles- Guyana Union, Dominican Union, Cuban Union, Colombian Union, Caribbean Union reports to the Interamerican Division in Miami, Florida, which in turn reports directly to the General Conference of the Seventh Day Adventist Church.

All of the above are members of a church. It is like the Catholic Church, with main offices in Rome, Italy and who has entities all over the world with archidiocesis, bishops, nuns, priest and others, which are involved in the dissemination of the Gospel of God, education, religious and health programs as part of the Catholic Religion with the main entity or

9

person in Rome, Italy. The Catholic religion is spread all over the world as is the Seventh Day Adventist Church.

In both instances, all the participants are members of a church and are churches by themselves.

Considering the above, it is clear that the U. S. Magistrate Judge who relied on the case of <u>Chronister vs. Baptist Health</u>, 441, F. 3rd. 648, did not take into consideration that all the organizations mentioned in the complaint are members of a Church. They are participants of a Church and dependant of divisions to which they report and these divisions report to the main entity organization as well recognized by plaintiffs, named General Conference of the Seventh Day Adventist Church.

In Puerto Rico, and judicial knowledge should be taken, there is in existence, not only Bella Vista Hospital as part of the organization of the General Conference of the Seventh Day Adventist Church, but also Bella Vista Policlínica, which is also located in Mayaguez, Puerto Rico, and the Antillian Adventist University, which is also located in Mayaguez, Puerto Rico. These are three (3) institutions that report to the Puerto Rican Union or Unión Adventista Puertorriqueña, and this last reports to the Inter-American Division which is part and belongs to the Church named and operated by the General Conference of the Seventh Day Adventist Church.

Different from the case of <u>Chronister,</u> in the case of caption, Hospital Bella Vista, Inc. is controlled by the General Conference of the Seventh Day

10

Adventist Church, which in turn is a conglomerate of religious, educational and health care institutions which report to the General Conference of the Seventh Day Adventist Church, which in turn rises an exception from Erisa.

In the case of Chronister, Baptist Health severed its ties to the Arkansas Baptist State Convention after 1966 and that Convention no longer controlled Baptist Health and therefore, Baptist Health was not being directly controlled by the Baptist Church since 1966, contrary to the case of reference were Hospital Bella Vista, Inc. and all the above-mentioned churches and divisions are controlled by the General Conference of the Seventh Day Adventist Church.

Different from Chronister, in the case of caption Hospital Bella Vista has produced sufficient evidence to establish that it is controlled by an adventist church "and/or associations of churches and that there are common religious bonds and convictions between the entities".

In Chronister, the fundamental and main opinion of the court that court ruled that ERISA plan is not a church plan, was "because there was no evidence to prove that the Baptist Health was controlled by a Baptist Church or association of churches nor that there are common religious bonds and convictions between the entities."

It is clear that in the case of caption there is sufficient evidence to prove that Bella Vista Hospital, Inc. is controlled by the Adventist Church or by an association of churches were there are common religious bonds and

11

convictions between them.

The appearing party is including as Exhibit A, a chart that will facilitate this Honorable Court to understand of the intermingled relationship between the General Conference of the Seventh Day Adventist Church and Bella Vista Hospital, together with thirteen (13) divisions of the church including the Interamerican Division to which organization, Hospital Bella Vista, Inc. responds to through the Puerto Rican Union or Unión Adventista Puertorriqueña, as well as the Antillian Adventist University and Bella Vista Polyclinic.

**IN  WITNESS WHEREOF**, the appearing party respectfully requests that the motion to dismiss filed by the appearing party be granted.

**I HEREBY CERTIFY**:  That on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM\ECF system which will send notification of such filing to the foregoing: Luis Vivaldi Oliver, Esq., vivaldipension@prtc.net; Robert Millán, Esq. rmi3183180@aol.com; Cristina S. Belaval Burger, Esq., cbelaval@mocpr.com., Alberto Rodríguez Ramos, Esq., arodgzramos@mocpr.com; fvalderrabano@mocpr.com; Juan A. Márquez-Diaz, Esq. jam@mcvpr.com; Manuel A. Segarra-Vázquez, Esq., masvlaw@coqui.net; Francisco Colón-Pagán, Esq., fcolon@colonlaw.com; Robert Millan, Esq., rmi3183180@aol.com;

In Ponce, Puerto Rico this 21$^{st.}$ day of September, 2007.

**MARTINEZ-TEXIDOR & MARTINEZ-VIVAS**

12

                                        BY:    /S/ CARLOS MARTINEZ-TEXIDOR
                                                CARLOS MARTINEZ-TEXIDOR
                                                USDC NUMBER 114410
                                                P. O. BOX 9028
                                                PONCE, PUERTO RICO 00732
                                                TEL: (787) 840-1180
                                                FAX: (787) 840-1484
                                                E:mail: martexfed@prtc.net; mtflaw@prtc.net

nvd