**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

OLGA TORRES et al.,

    **Plaintiff(s)**

       **v.**                  **CIVIL NO.** 06-2158 (JAG)

BELLA VISTA HOSPITAL, INC., et al.,

    **Defendant(s)**

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court are Olga Torres ("Torres") and Pedro Bonilla's ("Bonilla") (collectively "Plaintiffs") motion for summary judgment, (Docket No. 124), and Watson Wyatt & Company ("Watson Wyatt"), Bella Vista Hospital, Inc. ("the Hospital"), Banco Popular de Puerto Rico ("BPPR"), Ruben Pérez and the conjugal partnership constituted with his wife's (collectively "Defendants") motion for summary judgment. (Docket No. 126). For the reasons set forth below, this Court **GRANTS** Defendants' motion and **DENIES** Plaintiffs' motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Hospital is a non-profit corporation organized under the laws of Puerto Rico and operated by the General Conference of the

Civil No.  06-2158 (JAG)                                                        2

Seventh Day Adventist Church, a corporation authorized to do business in the Commonwealth of Puerto Rico. (Docket No. 78). The main purposes of the Hospital is to provide medical facilities to persons in need of such services, and to spread the gospel as is understood by the Seventh Day Adventist Church. (See Docket No. 34, Exh. A). The Hospital is operated by the Unión Adventista Puertorriqueña[1], which reports to the Interamerican Division of the General Conference of the Seventh Day Adventist Church. (Docket No. 78).

According to the Hospital's by-laws, the Seventh Day Adventist Church delegates its responsibilities for running the Hospital to the Hospital's Board of Trustees. The Hospital's by-laws state that half of the members of the Board of Trustees must be members of the Seventh Day Adventist Church. Moreover, the Hospital's by-laws also provide that four (4) of the nineteen (19) members of the board of Trustees must be members of the Unión Adventista Puertorriqueña. (Docket No. 34, Exh. BB). Currently, the President and the Vice-President of the Finance Committee are officers of the Unión Adventista Puertorriqueña. (Docket No. 78). However, none of the members of the Hospital's Board of Trustees is appointed by the

---

[1] The Hospital's by-laws state that the Hospital is operated by the Antillian Union Conference of Seven Day Adventists. (Docket No. 34, Exh. BB). However, the Hospital clarified that no entity by that name exists and the correct name is Unión Adventista Puertorriqueña. (Docket No. 78).

Civil No.  06-2158 (JAG)                                                    3

Church.

On January 1, 1982, the Hospital created an Employee Pension Benefit Plan known as the Bella Vista Hospital, Inc. Pension Plan ("the Plan"). The Plan was co-administered by the Unión Adventista Puertorriqueña and the Interamerican Division of the General Conference of the Seventh Day Adventist, who was designated as the administrator and named fiduciary of the Plan. (Docket No. 78). A Retirement Committee was in charge of the general administration of the Plan and was responsible for carrying out its provisions. The members of the Retirement Committee were appointed by the Hospital's Board of Trustees and could be removed by the Board at any time. (Docket No. 34, Exh. A).

Even though the Plan had been subject to three different set of rules, (See Docket No. 1 ¶ 34), only the 1982 rules are on record before the Court. (See Docket No. 59, Exh. 2). Among other things, the 1982 rules established that at the time of the Plan's creation it was subject to ERISA. (Docket No. 59, Exh. 2).

On January 24, 1996, the Internal Revenue Service ("IRS") issued a determination letter stating that the Hospital was "exempt from Federal income tax under section 501(a) of the Internal Revenue Service ("IRS"). (Docket No. 34, Exh. C). In 1997, the Hospital filed a Form 5500 along with its federal income tax return, which had an attached notation entitled "Pension Plan" that stated: "The Plan is subject to the provisions of the Employee

Civil No.  06-2158 (JAG)                                              4

Retirement Income Act of 1974 (ERISA)." (Docket No. 40, Exh. V, VI).

In 2000, following a request by the Hospital, the IRS issued a ruling, which stated that the Plan was "a Church Plan within the meaning of section 414(e) of the Code." Said ruling also stipulates that the "ruling is directed only to the taxpayer who requested it" and that "[s]ection 6110(k)(3) of the Code provides that it may not be used or cited by others as precedent." (Docket No. 34. Exh. A). On August 14, 2003, the Plan was terminated and liquidated. (Docket No. 34, Exh. D).

Plaintiffs were both employed by the Hospital and participated in the Plan. Bonilla became disabled in 1998 and Torres became disabled in 1999. As a result of the termination and liquidation of the Plan, Plaintiffs did not receive the benefits they would have received under the Plan had it remained covered by ERISA. (Docket No. 59). On 2004, Plaintiffs filed a lawsuit in state court to recover lost benefits. (Docket 34, Exh. H). On November 17, 2006, Plaintiffs filed a complaint in this Court against Defendants for declaratory relief; violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.; and Puerto Rico law claims for professional malpractice, misrepresentation, breach of contract, and tort. (Docket No. 1). The state court lawsuit was stayed pending resolution of this action. (See Docket Nos. 34, Exh. CC, 59).

Civil No.  06-2158 (JAG)                                                    5

On November 24, 2008, Plaintiffs filed their motion for summary judgment seeking a declaration that the Plan is subject to ERISA. (Docket No. 124). On the same day, Defendants filed a joint motion for summary judgment seeking a finding to the contrary. Namely, Defendants argued that the Plan was a "church plan" and, therefore, was not subject to ERISA's regulatory framework. Defendants stressed that since ERISA is inapplicable to Plaintiffs' claims the present case should be dismissed for lack of subject matter jurisdiction. (Docket No. 126).

The matter was referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 148). On April 13, 2009, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge determined that the Plan was a "church plan," not subject to ERISA's regulatory framework. Accordingly, the Magistrate Judge recommended that the present case be dismissed for lack of subject matter jurisdiction. (Docket No. 162). On April 30, 2009, Plaintiffs filed their objections. According to Plaintiffs, the Magistrate Judge erred in finding that the Plan was not covered by ERISA  because the Hospital issued several statements that the Plan was governed by ERISA. Accordingly, Plaintiffs request that this Court exercise its discretion and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declare that the Plan is subject to ERISA's regulatory framework. (Docket No. 163). On May 18, 2009, Defendants filed their opposition to Plaintiffs' objections.

Civil No.  06-2158 (JAG)                                                6

(Docket No. 164).

## STANDARD OF REVIEW

1. <u>Summary Judgment Standard</u>

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." <u>Thompson v. Coca-Cola Co.</u>, 522 F.3d 168, 175 (1st Cir. 2008) (citing Fed.R.Civ.P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. <u>Calero-Cerezo v. U.S. Dep't of Justice</u>, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" if it has the potential to change the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "In prospecting for genuine issues of material fact, we resolve all conflicts and draw all reasonable inferences in the nonmovant's favor." <u>Vineberg v. Bissonnette</u>, 548 F.3d 50, 56 (1st Cir. 2008).

Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before this Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant this Court's denial of the motion for summary judgment. <u>Anderson</u>, 477 U.S. at 248. The opposing

Civil No.  06-2158 (JAG)                                              7

party must demonstrate "through submissions of evidentiary quality, that a trialworthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted). Moreover, on issues "where [the opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." United States v. Union Bank for Sav. & Inv.(Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (citing United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992)). Hence, summary judgment may be appropriate, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaquez, 440 F.3d 17, 21 (1st Cir. 2006) (citing Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)). It is important to note that throughout this process, this Court cannot make credibility determinations, weigh the evidence, and make legitimate inferences from the facts as they are jury functions, not those of a judge. Anderson, 477 U.S. at 255.

2. Standard for Reviewing a Magistrate-Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b) (1) (B); Fed.R.Civ.P. 72(b); and Local Rule 503; a district court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest

Civil No.  06-2158 (JAG)                                            8

the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, the district court can assume that they have agreed to the Magistrate Judge's recommendation. Alamo Rodriguez, 286 F.Supp.2d at 146 (citing Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)).

**DISCUSSION**

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (citing 29 U.S.C. § 1001(b)). ERISA applies to employee benefit plans established or maintained by any employer engaged in commerce. 29 U.S.C. § 1003(a). "Any state law cause of action that duplicates, supplements, or supplants the ERISA civil

Civil No.  06-2158 (JAG)                                                    9

enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc., 542 U.S. at 209. However, there are certain specific exceptions to ERISA's regulatory and preemptive power. 29 U.S.C. 1003(b). One such exception is an employee benefit plan called a "church plan."

Church plans are not ERISA plans. Id. Rather, they are plans "established or maintained for . . . employees . . . by a church or by a convention or association of churches which is exempt from tax under section 501 of [the Internal Revenue Code]." 29 U.S.C. § 1002(33)(A). The term "church plan" is quite broad because even a plan established by a corporation controlled by or associated with a church can also qualify as a church plan. Lown v. Continental Cas. Co., 238 F.3d 543, 547 (4th Cir. 2001). There are two reasons for the broad scope of the term "church plan." First, ERISA defines "church plan" to include plans "maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan . . . for the employees of a church . . . if such organization is controlled by or associated with a church or a convention or association of churches." 29 U.S.C. § 1002(33)(C)(I). Second, 29 U.S.C. § 1002(33)(C)(ii)(II)'s definition of the term "employee" broadens the scope of the term "church plan." This section states that an "employee of a church . . . includes an employee of an

Civil No.  06-2158 (JAG)                                        10

organization . . . which is exempt from tax under section 501 of
[the Internal Revenue Code] and which is controlled by or associated
with a church or a convention or association of churches." Id.

In sum, the Plan qualifies as a "church plan" if: (1) the
Hospital is exempt from tax under section 501; (2) the Hospital is
controlled by or associated with a church and, therefore, (3) the
Hospital's employees qualify as "church employees." The Magistrate
Judge determined that the Plan is a "church plan" because the
Hospital: (1) was associated with the Adventist Church, (2) is tax
exempt under section 501 of the Internal Revenue Code, and (3) its
employees are church employees under section 1002(33)(C)(ii)(II).
Plaintiffs did not specifically object to the Magistrate Judge's
finding that the Plan is a "church plan" because the Hospital was
associated with the Adventist Church, is tax exempt under section
501 of the Internal Revenue Code, and its employees are church
employees.[2] Instead, they argued that the Magistrate erred in
finding that the Plan is not subject to ERISA's regulatory framework
on the basis that when the Hospital established the Plan in 1982,
it declared that the Plan was subject to ERISA. (Docket No. 59, Exh.
2). Furthermore, to support their averment that the Plan is an ERISA
plan, Plaintiffs submitted the Hospital's Form 5500, containing an

_____

[2] As mentioned above, this Court shall "make a de novo
determination of those portions of the report or specified
findings or recommendation to which [an] objection is made."
Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555
(D.P.R. 2003).

Civil No.  06-2158 (JAG)                                        11

attachment stating that: "The plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA)." (Docket No. 40 Exhs. V, VI).[3] However, as will be further explained below, these statements do not subject the Plan to ERISA's regulatory framework.

ERISA exempts from its coverage "a church plan, as defined by § 1002(33) of this Title with respect to which no election has been made under § 410(d) of Title 26." 29 U.S.C. § 1003(b)(2). "[T]he plain language of ERISA suggests that preemption occurs upon the "making" or filing of a section 410(d) election." Catholic Charities of Me., Inc. v. City of Portland, 319 F. Supp. 2d 88, 89 (D. Me. 2004). A section 410(d) election must be made "in such form and manner as the secretary may by regulations prescribe." 26 U.S.C. § 410(d). The regulations for making § 410(d) election are contained in 26 C.F.R. § 1.410(d)-1(c). The election must be made by the plan administrator of the church plan, who must attach a statement to either the annual return required under 26 U.S.C. § 6058(a) [the Form 5500], or a written request for a determination letter relating to the qualification of the plan. Id. The statement "shall indicate (i) that the election is made under § 410(d) of the Code and (ii)

---

[3] We note that this argument was previously presented to and rejected by the Magistrate Judge. This Court need not seriously consider an objecting party's filing where it simply restates the arguments the Magistrate Judge previously considered. Castro-Rivera v. Citibank, N.A., 195 F. Supp. 2d 363, 365 (D.P.R. 2002).

Civil No.  06-2158 (JAG)                                          12

the first plan year for which it is effective." 26 C.F.R. 1.410(d)-1(c)(5). It is important to note that 26 C.F.R. § 1.410(d)-1(c) imposes a strict requirement that the electing party state explicitly that it is making its election under § 410(d).

In the case at bar, these is no evidence in the record that the Hospital has ever submitted a statement under section 410(d) electing to have the Plan governed by ERISA. The statements found in the Hospital's Form 5500 attachment and its 1982 Rules are not affirmative elections under section 410(d) which are required to have ERISA apply to the Plan. Specifically, the statements provided by Plaintiffs are insufficient to satisfy the requirements of 26 C.F.R. § 1.410(d)-1(c) as they do not explicitly say that an election is made under section 410(d) of Title 26 and the first plan year for which it is effective. Accordingly, we find no reason to reject the Magistrate Judge's well reasoned recommendations.

In sum, this Court finds that because the Plan is a "church plan" and since the Hospital has not made an irrevocable election waiving the church plan status, ERISA is inapplicable to Plaintiffs' claims. Thus, there is no federal subject matter jurisdiction in the case at bar. Since this Court lack's jurisdiction over the present case, we cannot entertain Plaintiffs' declaratory judgment action. Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto, 522 F.3d 1, 5 (1st Cir. 2008) (noting that there must be an independent basis of jurisdiction before a federal court may

Civil No.  06-2158 (JAG)                                                   13

entertain a declaratory-judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201) (internal citation and quotation marks omitted).

## CONCLUSION

For the reasons set forth above, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. (Docket No. 162). Defendants' motion for summary judgment, (Docket No. 126), is **GRANTED** and Plaintiffs' motion for summary judgment, (Docket No. 124), is **DENIED.** The present case shall be dismissed for lack of subject matter jurisdiction because the Plan under which the federal claims in the complaint are asserted is a "church plan," exempt from ERISA's coverage. Judgment shall be entered dismissing the present case.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of May, 2009.


<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge