IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

OLGA TORRES, ET AL.,

Plaintiffs,

v.

BELLA VISTA HOSP., ET AL.,

Defendants.

CIV. NO.: 06-2158(JAG/SCC)

## REPORT AND RECOMMENDATION

In May 2009, the Court dismissed with prejudice this ERISA action, and now, more than five years later, Plaintiffs ask that it be set aside as a fraud on the court. Docket No. 173; *see also* Docket No. 191. Below, I begin by giving some necessary context to Plaintiffs' motion, and I then explain why it should be denied.

### 1. Background

Plaintiffs Olga Torres and Pedro Bonilla were once employed by Defendant Bella Vista Hospital. Docket No. 165, at

4. Bonilla became disabled in 1998, and Torres became disabled in 1999. *Id.* In 2003, Bella Vista terminated and liquidated a benefits plan of which Bonilla and Torres had been beneficiaries; accordingly, neither received benefits they otherwise would have received. *Id.*

In 2004, Plaintiffs filed a state-court lawsuit to recover lost benefits, and in 2006, they filed the present action; the state-court suit was stayed pending the resolution of the federal suit. *Id.* Plaintiffs filed a motion for summary judgment seeking a declaration that Bella Vista's plan was covered by ERISA. *Id.* at 5. The Court held that Bella Vista's plan was a "church plan" not covered by ERISA; it thus denied Plaintiffs' motion for summary judgment and granted Defendants'. *Id.* at 12–13. Judgment was entered accordingly. Docket No. 166.

**2.   Motions to Set Aside Judgment for Fraud on the Court**

In seeking to set aside the judgment against them, Plaintiffs invoke Federal Rule of Civil Procedure 60(d)(3), which acknowledges courts' inherent equitable power to set aside judgments won by perpetrating fraud on the court. FED. R. CIV. P. 60(d)(3) (refusing to limit "a court's power to . . . set aside a judgment for fraud on the court"); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944) ("From the

beginning there has existed . . . a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry."). It must be understood, though, that "fraud on the court" is a restrictive term: Rule 60(d)(3) provides "extraordinary relief," and so it must be justified by "extraordinary circumstances." *United States v. 6 Fox St.*, 480 F.3d 38, 47 (1st Cir. 2007) (quotations omitted). Fraud on the court "consist[s] of an 'unconsionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter' involving an officer of the court." *George P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 49 n.5 (1st Cir. 1995) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115 (1st Cir. 1989)). That is, it must be "the most egregious conduct involving a corruption of the judicial process itself," like bribery of a judge. *Lockwood v. Bowles*, 46 F.R.D. 625, 631–32 (D.D.C. 1969).[1]

Rule 60(d)(3) therefore does not cover the more mundane types of fraud and misrepresentations that are within the

---

1.  Quoting Professors Wright and Miller quoting *Lockwood*, the First Circuit has adopted this formulation. *Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 427 F.3d 129, 133 (1st Cir. 2005) (quoting 11 WRIGHT & MILLER, FED. PRAC. & PROC. § 2870 (3d ed.)).

purview of Rule 60(b)(3). FED. R. CIV. P. 60(b)(3) (permitting the court to relieve a party from judgment because of "fraud . . . , misrepresentation, or misconduct by an opposing party"); *see also Simon v. Navon*, 116 F.3d 1, 5 (1st Cir. 1997) (referring to the "rule of mutual exclusivity," which permits recourse to Rule 60(d)(3) only when Rule 60(b) does not apply). Rule 60(b)(3) is "principally concern[ed]" with "fraud perpetrated in the course of litigation." *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 124, 134 (1st Cir. 2005). "[G]arden-variety fraud" is thus not covered by Rule 60(d)(3). *George P. Reintjes*, 71 F.3d at 47–48. Most crucially, this means that "perjury alone, absent allegation of involvement by an officer of the court," cannot give rise to relief under Rule 60(d)(3). *Id.* at 49; *see also Hazel-Atlas*, 322 U.S. at 245 (noting that the fraud in that case was more serious than "a judgment obtained with the aid of a witness who . . . is believed possibly to have been guilty of perjury"). Perjury—even purposeful perjury—is not uncommon, but it is a problem "with which litigants are equipped to deal through discovery and cross-examination, and, where warranted," a motion under Rule 60(b)(3). *George P. Reintjes*, 71 F.3d at 49.

Finally, given the extraordinary nature of the relief that

Plaintiffs are seeking, it should go without saying that they are not entitled to a hearing based simply on assertions of fraud. In *Hazel-Atlas*, the Supreme Court held that a petition to set aside judgment as a fraud on the court "must contain the necessary averments, supported by affidavits or other acceptable evidence." *Hazel-Atlas*, 322 U.S. at 249. I understand this to mean that a party seeking Rule 60(d)(3) relief need do more than allege a fraud was committed; to get a hearing, he must support his *specific* assertions of fraud with affidavits or other evidence.[2]

---

**2.** I can find little caselaw on what showing a party must make to be entitled to a hearing under Rule 60(d)(3). In its absence, however, and in light of *Hazel-Atlas*'s language, I would analogize the situation to challenges to warrant affidavits under *Franks v. Delaware*, 438 U.S. 154 (1978). Like civil judgments, warrants are entitled to a "presumption of validity," and a challenger must therefore "make[] a substantial preliminary showing" that the affidavit on which the warrant was based was false. *Id.* at 155, 171. Thus, where *Hazel-Atlas* requires "averments, supported by affidavits or other acceptable evidence," *Hazel-Atlas v. Glass Co. v. Hartford-Empire Co.*, 322 U.S. 232, 249 (1944), *Franks* requires "allegations . . . accompanied by an offer of proof," *Franks*, 438 U.S. at 171. Under *Franks*, then, a criminal defendant may challenge in a hearing only those factual statements as to which he initially offers proof of falsity. Likewise, a petitioner under Rule 60(d)(3) is entitled to a hearing only insofar as she initially offers proof tending to show that fraud occurred.

### 3. Analysis

Plaintiffs' motion is not well-organized, but as best as I can make out they allege, with the requisite proof,[3] four specific acts on the defendants' part that they say constitute a fraud on the court: (1) Defendants Banco Popular and Bella Vista falsely "den[ied] the existence o[f] an ERISA covered 401(k) plan" in its answer to paragraph 10 of the complaint, Docket No. 173, at 2; (2) Defendant Bella Vista falsely denied "the transfer of funds between" the 401(k) plan and the pension plan" in its answer to paragraph 10 of the complaint, *id.* at 2–3; (3) Bella Vista's executive director, Jesús Nieves, perjured himself when he swore, in support of a motion to quash service of process, "that there was no 401(k) plan established by Bella Vista Hospital," *id.* at 3; and (4) that Rubén Pérez, treasurer of the Unión Puertorriqueña de los Adventistas del Séptimo Día, perjured himself when he swore, also in support of the motion

---

**3.**   It is worth noting that much of what Plaintiffs adduce as evidence is in Spanish, unaccompanied by an English-language translation despite having been filed months ago. I thus RECOMMEND that, pursuant to Local Civil Rule 5(g), the Court STRIKE Plaintiffs filings at Docket Nos. 173-3, at 1; 173-7, at 3–9; 173-11, at 5; and 190-1. Additionally, Plaintiffs' motion exceeds the page limit of Local Civil Rule 7(d), for which variance Plaintiffs failed to seek leave of court.

to quash, "that he had no relationship with the General Conference Corporation of the Seventh Day Adventist," Docket No. 190, at 7–8.[4]

### 3.1 Nieves's statement, even if perjurious, does not entitle Plaintiffs to relief.

I'll begin with Nieves's alleged perjury. In their complaint, Plaintiffs named as defendants "Bella Vista Hospital Pension Plan and Trust" and "Bella Vista Hospital, Inc. 401 k Plan and Trust." Docket No. 101, at 1 (caption). Both of these entities were served through Jesús Nieves, the executive director of Bella Vista Hospital. *See* Docket Nos. 20, at 2; 21, at 2. The defendants then moved to quash service of process as to these two entities. Docket No. 30. They relied on a sworn statement from Nieves, which, in relevant part, denied that either of the named entities existed. Docket No. 30-3, at 2 (stating that "the name of Bella Vista Hospital Pension Plan and Trust and that

---

**4.** The claim of perjury on Pérez's part was raised for the first time in Plaintiffs' reply. This is an independent reason to deny Plaintiffs' motion with regard to that claim. Nonetheless, I consider the claim's merits for the sake of completeness. I do not, however, consider Plaintiffs' many allegations of discovery chicanery in the related state-court case. *Cf. Fierro v. Johnson*, 197 F.3d 147, 153–54 (5th Cir. 1999) ("[W]e deal only with allegations of fraud on the *federal* courts, not any fraud that may have been perpetrated upon the state courts.").

TORRES v. BELLA VISTA HOSP.                                        Page 8

of Bella Vista, Inc. 401 K Plan & Trust are not known to me as to be existing organizations"). Nieves also denied being an "agent, officer, or representative" of the entities. *Id.*

Understanding Nieves to have stated "that there was no 401(k) plan established by Bella Vista Hospital," Plaintiffs now accuse Nieves of perjury. Docket No. 173, at 3. In support of this proposition, they point to a document entitled "Adoption Agreement for the Oriental Bank and Trust Master Prototype Defined Contribution Plans." Docket No. 173-3. The Adoption Agreement refers to a plan called the "Southwest Bella Vista Hospital Savings Plan," to the administrative committee of which Nieves is appointed. *Id.* at 5. Why Plaintiffs' argument fails is patent: Nieves did not swear that Bella Vista lacked a 401(k) plan; he denied the existence of an entity called "Bella Vista, Inc. 401 K Plan & Trust." And the Adoption Agreement does not prove that an entity with that name existed; instead, it proves that an entity with a different name—if perhaps the same purpose—existed. Nieves's statement may not have been an example of forthrightness, but it was not perjury. Furthermore, even if Nieves *had* perjured himself in the statement, that fact would not merit relief under Rule 60(d)(3): when not mitigated by discovery tools and cross-examination, perjury by

someone who is not an officer of the Court is dealt with through Rule 60(b)(3), not Rule 60(d)(3). *George P. Reintjes*, 71 F.3d at 49.

### 3.2 Pérez's statement, even if perjurious, does not entitle Plaintiffs to relief.

The story is similar with regard to Plaintiffs' allegation that Rubén Pérez perjured himself. In an affidavit attached to the same motion to quash referenced above, Pérez disclaimed being "an agent, officer []or person authorized" to receive service of process "on behalf of . . . the General Conference of Seventh Day Adventist." Docket No. 30-6, at 2. Construing Pérez's statement as having said that "he had *no relationship* with the General Conference *Corporation* of the Seventh Day Adventist," Plaintiffs allege that Pérez was lying. Docket No. 190, at 7–8 (emphasis added). For proof, Plaintiffs point to a notarized document stating that Pérez had, on May 4th, 2005, been given power of attorney over the "General Conference *Corporation* of Seventh Day *Adventis*." Docket No. 190-4, at 1 (emphasis added).

Once again, then, Plaintiffs claim of perjury has a couple of problems. First, of course, is the obvious and unexplained variance between the entity that Pérez denied being an agent

of and the entity that Plaintiffs now claim Pérez had power of attorney over. Beyond that, there is the fact that, despite Plaintiffs' claim, Pérez did not deny *any relationship* with that entity; rather, he denied being its officer or agent for service of process. Whether principles of agency would make Pérez an officer or agent for service by virtue of his power of attorney, I don't know and will not investigate without Plaintiffs putting some semblance of an argument forward, which they have not done. And in any case, even if Pérez's statement turned out to have been perjury, it would not entitle Plaintiffs to relief under Rule 60(d)(3). *George P. Reintjes*, 71 F.3d at 49.

### 3.3 The defendants' answers to the complaint, even if false, do not entitle Plaintiffs to relief.

Plaintiffs' other two allegations of fraud deal with the defendants' answers to paragraph 10 of the complaint. Paragraph 10 is concerned with identifying the party "Bella Vista Hospital, Inc. 401 k Plan." Docket No. 1, ¶ 10. It identifies the plan as "a defined contribution plan established effective January 1st, 1999 and administered by the Bella Vista Hospital, Inc.," the employer identification number of which is 66-0204776. *Id.* The plan is numbered 002, and it "received a transfer of funds from the [Bella Vista Hospital Pension Plan],

and for a period of time its funds were maintained under the same trust agreement with the [Bella Vista Hospital Pension Plan] trustee Banco Popular." *Id.*

Defendant Banco Popular's answer denied, in the first place, that any responsive pleading was necessary, and it said, in the alternative, that it lacked "sufficient information or belief to form an opinion as to the veracity of the[] allegations." Docket No. 94, ¶ 6. Similarly, Bella Vista's answer purported to deny the allegations "as drafted." Docket No. 101, ¶ 10. It also made the somewhat perplexing statement that the "rest of the allegations contained in [paragraph 10] are referred to documents and numbers which are admitted under the hypothesis that the numbers and identifications are correctly addressed to." *Id.* This statement seems to suggest that Bella Vista intended to admit *something,* but I'm at a loss to say what.

Without analyzing the matter fully, I'm inclined to think that both answers were improper. Banco Popular entirely ignored the specific factual statement that certain funds had been maintained under its trusteeship, information about which it must certainly have had. *See* Docket No. 1, ¶ 10; *see also* FED. R. CIV. P. 8(b)(2) ("A denial must fairly respond to the substance of the allegation."); 5 WRIGHT & MILLER, FED. PRAC.

& PROC. § 1262 (3d ed.) ("[A] party may not assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily brought within his knowledge . . . ."). Worse, Bella Vista's answer borders on incomprehensibility[5] and fails to admit or deny certain specific factual statements. *See* Docket No. 1, ¶ 10 (*e.g.,* the 401(k) plan was "established on January 1, 1999 and maintained continuously thereafter bye [sic] Defendant Bella Vista"); *see also* FED. R. CIV. P. 8(b)(4) ("A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.").

But at the same time, neither response clearly makes a factual misrepresentation. Banco Popular doesn't deny the existence of the funds transfer so much as ignore it; Bella Vista's pleading is too poorly drafted to make much of at all. Thus, while Plaintiffs could have—but did not—seek to have their allegations admitted, *see* FED. R. CIV. P. 8(b)(6), or have the defendants' answers struck, *see* FED. R. CIV. P. 12(f), the basis for such relief was available nearly a decade ago, when the

---

5. *Cf.* 5 WRIGHT & MILLER, FED. PRAC. & PROC. § 1279 (3d ed.) ("[A] pleader must do more than make a passing reference to the allegations in the preceding pleading or interpose an ambiguous response to them.").

TORRES v. BELLA VISTA HOSP.                                    Page 13

answers were originally filed. Nothing, however, suggests that these answers—even if construed as false—warrant relief today. The purpose of an answer is to put the plaintiff on notice "of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established." 5 FED. PRAC. & PROC. § 1261. That is, the defendants' answers told Plaintiffs what they would need to prove in order to prevail. Judgment was entered against them not because of the poorly drafted answers, but because Plaintiffs never adduced this proof. And nothing in Plaintiffs' motion suggests that the defendants' answers precluded Plaintiffs from engaging in the discovery necessary to establish their case. To the contrary, Magistrate Judge Justo Arenas gave the parties a period of time in which to conduct jurisdictional discovery, Docket No. 110, and Plaintiffs at no point explain why that should not have sufficed to find the information necessary to prove that they had an ERISA claim.[6]

---

6.   In their reply, Plaintiffs assert without explanation that the defendants "hid[]" several documents, including "the rules for the Adventist Plan," "the Watson Wyatt actuarial report," and "the history of payment to Plaintiff Bonilla." Docket No. 190, at 11. What is missing is any offer of proof that these or other alleged discovery problems, *see, e.g.*, *id.* at 10;

TORRES v. BELLA VISTA HOSP.                                        Page 14

In reaching this conclusion, I acknowledge that statements made in answers to a complaint do have at least one of the indicia—the participation of an officer of the court—that can turn a false statement into a fraud on the court for the purposes of Rule 60(d)(3). Such false statements on attorneys' parts certainly deserve sanctions. *See* FED. R. CIV. P. 11(c) (permitting sanctions for attorneys' false representations to the court); *see also Arena v. Luckenbach S.S. Co.*, 279 F.2d 186, 188–89 (1st Cir. 1960) (holding that attorneys violate Rule 11 by "fil[ing] an answer creating issues that counsel does not affirmatively believe to have a basis"). Even so, these false representations will not usually rise to the level of "the most egregious conduct involving corruption of the judicial process itself," *Lockwood*, 46 F.R.D. at 631–32, because courts will rarely decide a case against a plaintiff on the basis of a defendant's answer.[7] False

---

Docket No. 173, at 12, were the result of fraud, rather than, for example, poorly drafted discovery requests or Plaintiffs' own failure not to file motions to compel prior to judgment being entered against them. Given the extraordinary remedy Plaintiffs seek, much more than bald assertions are necessary to entitle them to a hearing, to say nothing of relief.

7.   In a thorough search, I have been unable to find a single case where a false statement in an answer was considered a fraud on the court.

answers thus will not typically "interfere with the judicial system's ability impartially to adjudicate" the matter before it. *George P. Reintjes*, 71 F.3d at 49 n.5. To the contrary, the answer is meant to put the plaintiff on notice of where he will need to focus his discovery efforts and proof. In this sense, false statements in answers are like false statements in depositions, affidavits, or discovery responses: while they may subject a party to sanctions, they do not constitute a fraud on the court because the opposing party is already armed to discover the truth. *Id.* at 49.

I thus find that even if Banco Popular's and Bella Vista's answers to paragraph 10 of the complaint amounted to misrepresentations, relief under Rule 60(d)(3) would be unwarranted.

### 4. Conclusion

The defendants' answers to the complaint, as well as their hyper-technical declarations in support of their motion to quash, leave me doubting whether discovery in this case was conducted with the forthrightness that I would prefer—and which, I believe, the Rules demand. At the same time, Plaintiffs plainly bear some of the fault for their inability to discover all that they needed: their filings reflect a lack of attention to detail

TORRES v. BELLA VISTA HOSP.                                              Page 16

and a willingness to misconstrue evidence. But nothing in the record before me suggests that these problems, if they existed, were more than the routine—if lamentable—gamesmanship in which litigants frequently engage, and with which they are well-equipped to deal. Accordingly, I RECOMMEND that Plaintiffs' motion to set aside the judgment, Docket No. 173, be DENIED.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 25th day of June, 2015.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE