04 HBV-02

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| OLGA TORRES AND PEDRO BONILLA<br><br>     Plaintiffs<br><br>vs.<br><br>BELLA VISTA HOSPITAL, INC., BANCO POPULAR DE PUERTO RICO, THE ANTILLIAN UNION CONFERENCE OF THE SEVENTH DAY ADVENTISTS, THE RETIREMENT COMMITTE OF THE GENERAL CONFERENCE OF THE SEVENTH DAY ADVENTIST INTERAMERICAN DIVISION, THE GENERAL CONFERENCE OF THE SEVENTH DAYS ADVENTIST, BELLA VISTA HOSPITAL PENSION PLAN AND TRUST, THE ADVENTIST OF THE SEVENTH DAY INTERAMERICAN DIVISION RETIREMENT PLAN, BELLA VISTA HOSPITAL INC., 401 K PLAN AND TRUST, THE WATSON WYATT COMPANY, PANEL, KERR & FOSTER, MIGUEL RAMOS, the conjugal partnership between him and her spouse, Johan Doe, RUBEN PEREZ, the conjugal partnership between him and his spouse, Johan Roe<br><br>     Defendants | CIVIL NO. 2006-2158 (JAG)<br><br><br><br>COMPLAINT FOR DECLARATORY JUDGMENT, ERSA |

**MOTION IN OPPOSITION TO PLANTIFF'S MOTION SUBMITTING DECLARATION OF PLAN ADMINSTRATOR AS NEW EVIDENCE TO RESPOND TO DEFENDANTS' EXHIBIT (DOCKET # 213)**

To the Honorable Court:

Comes now co-defendants, Bella Vista Hospital, Inc., Mr. Rubén Pérez and the conjugal partnership constituted with his wife, through the undersigned attorney and respectfully allege and pray:

1.     Plaintiff's filed on April 26, 2016, "Motion Submitting Declaration of Plan Administrator as New Evidence to Respond to Defendant's Exhibits" (at Dkt. 213), which basically is an improper new motion requesting reconsideration and/or  for request of relief of

judgment, with the same old bold, general and ungrounded allegations. Plaintiffs also implicitly pretends in an unsuccessful manner and contrary to law, to obtain from this Honorable Court to review of First Instance Court Judgment entered on April 13, 2016, notified on April 18, 2016, denying the complete complaint in all its parts, as a result of the trial hearings held on November 6, 2015 and November 30, 2015, submitted said local Court's judgment by plaintiffs, (at Dkt. 214-1).[1]

2.      Plaintiffs filed motion (at Dkt. 173), based on alleged  fraud based under Federal Rules of Civil Procedure, (FRCP) 60(d)(3), and requesting to set aside this Honorable Court's judgment  (at Dkt. 166), that dismissed the complaint for lack of jurisdiction, because the "Plan was a church plan" as held (at Dkt. 165).

3.      The appearing defendants filed *Opposition to Motion to Set Aside Judgment and Separate Memorandum of Law*, (at Dkt. 180) and *Memorandum of Law*, (at Dkt. 181).  Likewise co-defendants Banco Popular de Puerto Rico, (at Dkt. 183), and Watson Wyatt & Company, (at Dkt. 184), filed their respective oppositions to Plaintiffs' Motion, at (Dkt. 173).

4.      This Honorable Court issued Order (at Dkt. 202), adopting Honorable Magistrate Judge's Report and Recommendation (at Dkt. 193), that denied plaintiffs' motion to set aside judgment. This Honorable Court in its order (at Dkt. 202) adopting (Dkt 193), denied relief under FRCP 60(d)(3) concluding that plaintiff failed to establish the requirements of FRCP 60(d)(3). In addition to other matters, the Report and Recommendation states "…nothing in Plaintiffs' motion suggests that the defendants' answers precluded plaintiff's from engaging in the discovery necessary to establish their case…".

5.      Plaintiff filed *Motion for Reconsideration,* (at Dkt. 204), of this Honorable Court's Order (at Dkt. 202), adopting Honorable Magistrate Judge's Report and

---

[1]Leave of Court was requested by plaintiffs to file the documents in Spanish.

Recommendation (at Dkt. 193). Plaintiffs motion (at Dkt. 204), is requesting contrary to law, not only to set aside this Honorable Court's judgment entered on May 21, 2009, (at Dckt. 166), but also the local Court's judgments. Thereafter plaintiffs filed *Motion Requesting Leave to Introduce 'New Evidence' Resulting From Witnesses' Testimony In State Court*, (at Dkt. 205), alleging that Mr. Juan José Santiago of Oriental Bank Trust testified in the case at local court, while the trial of this case was being held on in November 6, 2015, that Banco Popular of Puerto Rico had a 401k Plan from Bella Vista Hospital which was created in 1998, and it was the first time that plaintiffs knew about the existence of a 401k Plan with Banco Popular after the 1998's Plan was terminated.

6.     The appearing defendants filed (Dkt. 207), on December 23, 2015, a *Motion in Opposition to Plaintiff's Motion Of November 11, 2015 (Docket # 205).* On said motion the appearing's defendants stated, that although it is true that Mr. Santiago testified about the existence of a 401k Plan, it is also a fact that said information had been known by plaintiffs and obviously by their attorney for practically more than a decade.

7.     To the Motion (at Dkt 207), it was attached as <u>Exhibit A</u>, a letter dated September 23, 2003 from Bella Vista Hospital to plaintiff Olga Torres from the executive director of the hospital.[2]  It contains, in addition to other matter:

    a.     Notice of termination of the hospital pension plan effective December 31, 1998;

    b.     Plaintiff Olga Torres is notified of the amount she had accumulated under the plan and until date of termination of the plan which is $15,826.38; [3]

---

[2]The appearing defendants submitted on February 26, 2016, a certified translation of said Exhibit A, (at Dkt. 212-1), with Motion In Compliance With Court Order (at Dkt. 212).

[3] Plaintiffs' allegations to the contrary of her motion for leave… is therefore false.  See paragraph three page 2 of Exhibit A.

c.    The options she had available because of the liquidation of the plan, including, a global or lup sum payment, an IRA, an annuity for the participant and/or wife in case of death of the participant;

d.    In the seventh paragraph of this letter she was informed that she could participate in a 401k Plan which was maintained by the Hospital.

8.    To the Motion (at Dkt 207), it was also attached as <u>Exhibit B</u> - Letter to all of Hospital Bella Vista employees dated December 16, 1998 from the President of the Health's Program of the Hospital.[4] Said exhibit, in addition to other matters, informs Bella Vista Hospital's employees, that the Hospital retirement pension plan was to be terminated and substituted by the 1st January of 1999. Said plan was going to be substituted by a plan of defined contribution (contribución definida) 401k.

9.    To the Motion (at Dkt 207), it was also attached as <u>Exhibit C</u>-Letter to plaintiff Pedro Bonilla from the Executive Director of the Hospital, dated September 8, 2010.[5] On said document he was notified, in addition to other matters of the termination of the original pension plan of the hospital and of the options he was entitle to exercise were the same as his wife (supra). He was also notified the accumulated benefits under the plan, that is the amount $30,204.15. Plaintiff Pedro Bonilla exercised the option of an IRA at Westernbank.

10.    The appearing defendants also stated (at Dkt 207), that plaintiffs during examination, and particularly by co-plaintiff Olga Torres, testified that she knew about the existence of the 401k Plan because it appears in the Employees Manual, (copy of which is given to each employee when commences to work for Bella Vista Hospital), and that she reaffirmed that she knew about the 401k Plan, not only because it appears in the Employees Manual, but

---

[4] The appearing defendants submitted on February 26, 2016, a certified translation of said Exhibit B, (at Dkt. 212-2), with Motion In Compliance With Court Order (at Dkt. 212).
[5] The appearing defendants submitted on February 26, 2016, a certified translation of said Exhibit C, (at Dkt. 212-3), with Motion In Compliance With Court Order (at Dkt. 212).

also because it was informed to her in a letter dated September 23, 2003 and in a previous letter addressed to all employees dated December 16, 1998.[6]

11.    It was also incorrectly stated by plaintiffs in the motion (at Dkt.205), that Mr. Benjamin Astacio, who was a retired Bella Vista employee when he testified and plan administrator, that none of the participants in the Pension Plan were provided with an annual benefit under the plan as part of the termination procedure and that Bella Vista and Banco Popular lied regarding the existence of the 401k Plan.

12.    As stated by the appearing defendants (at Dkt. 207), plaintiffs' statements are false.  First of all, Mr. Astacio did testified that the amounts expressed before pertaining to both plaintiffs Olga Torres and Pedro Bonilla were the amounts that were accumulated as part of the Pension Plan with Hospital Bella Vista at the time the plan was terminated.  Mr. Astacio testified that the amounts pertaining to Olga Torres and her husband were the results of their benefit at the termination of the plan representing said amount of a global payment of their accumulated benefits.

13.    The appearing defendants filed a Motion for Summary Judgment Grounded on Res Judicata (at Dkt 197) and a Memorandum of Law (at Dkt 198). On said motions it was requested from this Honorable Court to apply the res judicata doctrine as to the partial, but final judgment entered on January 12, 2015, from First Instance Court of Puerto Rico, Mayaguez Section, that granted a motion for summary judgment in favor of the appearing defendants deciding that plaintiff Olga Torres is not entitled to disability benefits according to Bella Vista Pension Plan. This Honorable Court entered order (at Dkt 197) deciding as moot the appearing parties motion (at Dkt 197). The appearing defendants, hereby incorporates and adopts Motion (at Dkt 197) and Memorandum (at Dkt 198).

---

[6] See those letters (at Dkts. 212-1 & 212-2).

14.  The appearing defendants filed *Motion Requesting That Judgment be Rendered*, (at Dkt. 208). After more than five (5) months transpired since plaintiffs' *Motion For Leave….* (at Dkt 205), plaintiffs filed, as previously mentioned on April 26, 2016, *Motion Submitting Declaration of Plan Administrator as New Evidence to Respond to Defendant's Exhibits"* (at Dkt. 213).

15.  However, before the filing of plaintiffs' motion (at Dkt 213), the First Instance Court of Puerto Rico, Mayaguez Section, entered Judgment on April 13, 2016, notified on April 18, 2016, denying the complete plaintiff's complaint in all its parts, as a result of the trial hearings held on November 6, 2015 and November 30, 2015. ( See Dkt. 214-1). The local Court entered said judgment, as to the only issue agreed that was remaining, which was whether the agreement between plaintiff Pedro Bonilla with Hospital Bella Vista to receive a global amount as to his benefits, instead of a monthly amount was valid. The First Instance Court concluded also on its Judgment entered on April 13, 2016, that that the letter of September 8, 2003, from Hospital Bella Vista to plaintiff Pedro Bonilla (at Dkt. 212 -3), showed the termination of the plan effective on December 31, 1998, that included the options that the employees had, and that plaintiff Pedro Bonilla choose the option of a global payment, of the benefits accumulated, for the total amount of $30,000.00. The First Instance Court at the trial and according to judgment applied the presumptions and inferences of Rule 304 (5) of the Puerto Rico's Rules of Civil Procedure, because plaintiffs' witnesses did not appeared. However, plaintiffs put available Mrs. Olga Torres and Pedro Bonilla to the appearing parties, and the appearing party was able to examine Mrs. Olga Torres. Mr. Pedro Bonilla was also examined, but he was not able to contribute during the trial. The First Instance Court concluded that plaintiffs were not able to prove, even one of the element of their case, thus the Honorable Court dismissed the complaint,

and entered judgment in favor of the appearing parties denying the complete complaint. Please see judgment, submitted by plaintiffs (at Dkt 214-1).

16.     On "Motion Submitting Declaration of Plan Administrator as New Evidence to Respond to Defendant's Exhibits" (at Dkt. 213), plaintiffs presented no new evidence to contradict the motion from the appearing defendants (at Dkt. 207).  Because of the above mentioned plaintiffs, now alleges (at Dkt 213), that Mr. Benjamin Astacio testified as the administrator of the plan that the amount represented in the notice of the termination and liquidation of the plan, effective on December 31, 1998, was in the present value and not as accumulated benefits.[7]

17.     Plaintiffs in support of said incorrect and false allegations submitted, as Exhibit I, (at Dkt. 213-1), only a portion of the testimony of Mr. Astacio, thus misleading, hiding and failing to submit to this Honorable Court the complete and true and uncontroverted testimony from Mr. Astacio about said matter.[8]  The accurate testimony of Mr. Astacio from Court's official time record  (4:14:31 to 4:19:14),  of the appearing defendants' private transcript (page 276, line 10 to page 285, line 12),  it is hereby attached as **Exhibit A**, of this motion.[9]

18.     The testimony provided by Benjamin Astacio during trial, clearly showed that plaintiffs in their respective letters, were notified about the termination of the plan effective December 31, 1998 and about the liquidation of the plan and that they were informed of the

---

[7]It is obvious to conclude, from reading plaintiffs' motion that despite plaintiffs misconstrued the true, using bold and general allegations not supported with the evidence and the record.  Plaintiffs implicitly accepted that they were notified of the termination of the plan effective on December 31, 1998 and about the liquidation of the plan and of plaintiffs' amount of benefits.

[8]The  transcript of the alleged testimony of Mr. Benjamin Astacio submitted by plaintiffs are   not accurate and do not represent   the complete testimony provided and/or  omitted objections  from the appearing party's counsel and interventions and rulings from First Instance Court.

[9]The transcript submitted was provided  to the appearing parties by stenographer Madeline Vargas Oppenheimer from a private record of the hearing. However for the purpose of this motion, said transcript is equivalent to Court's time official record from  (4:14:31 to 4:19:14). Leave of Court is being requested separately to file the documents in Spanish.

amount of money that represented the accumulated benefits, the accumulated value. See at Exhibit A, page 284, line 9 to page 285, line 12.

19.    Likewise no new evidence was submitted by plaintiffs, through the testimony of attorney Juan José Santiago Marrero, Vice president Senior and Trust Officer of Oriental Group and Oriental Trust.[10] An accurate and complete testimony of attorney Santiago, (from Court's official time record 11:00:10 to 11:20:05), from the appearing defendants' private transcript page 51, line 1, to page 80, line 21, is hereby attached as **Exhibit B**, of this motion.[11]

20.    Those same matters were particularly discussed on   the motions from appearing defendants (at Dkt. 180 &181) and in the motion from Banco Popular de Puerto Rico (at Dkt. 183), all in opposition to plaintiffs' motion to set aside judgment (at Dkt. 173), and decided by this Honorable Court at Order (at Dkt. 202), that denied plaintiffs' motion to set aside judgment, adopting Honorable Magistrate Judge's Report and Recommendation (at Dkt. 193).

21.    Likewise, plaintiffs misconstrued the testimonies from Mr. Astacio and Attorney Juan Jose Santiago. The 1982's Bella Vista 1982 defined benefit's plan was amended in 1986 and its termination and liquidation was effective December 31, 1998. The 401 (k) Plan was organized with Banco Popular in 1999, (a defined contribution plan). Attorney Santiago clearly testified Hospital Bella Vista had the 401 (k) Plan with Banco Popular, until the same was transferred to Oriental Bank in 2001.   See Exhibit B, of the motion herein. Attorney Santiago clearly stated that the plan 401 (k) Plan transferred to Oriental Bank does not have benefits for plaintiffs.  That plaintiffs were not employees of Bella Vista Hospital at the time of the transfer

---

[10] The pages of the supposed transcript of the testimony of attorney Juan José Santiago – Marrero submitted by plaintiffs are  not accurate and do not represent the complete testimony provided and/or omitted objections  from the appearing party's counsel and interventions and rulings from First Instance Court.

[11] The transcript submitted was provided to the appearing parties by stenographer Madeline Vargas Openheimer from a private record of the hearing. However, for the purpose of this motion, said transcript is equivalent to Court's time official record from (11:00:10 to 11:20:05). Leave of Court is being requested separately to file the documents in Spanish.

of the 401 (k) Plan to Oriental in 2001.  As previously mentioned (at Dkt 180), by the appearing parties, at the time the 401(k) Plan was created, both plaintiffs had already retired from working at Bella Vista Hospital. [12]

22.      The appearing parties request from this Honorable Court to conclude the judgment rendered in the judgment in the local case, of January 14, 2015,  that became final, constitutes *Res Judicata* in this case. [13]  It operates as a bar to the re-litigation of a claim or issues that were or could have been adjudicated in a prior judicial action for which a final judgment on the merits has been rendered. Nuñez Colón vs. Toledo Davíla, 648 F. 3d 15 (1st Cir. 2011); Suarez Cestero v. Pagán Rosa, 198 F. Supp. 2d 73 (2002); Baez Cruz v. Municipality of Comerío 140 F. 3d 24 (1st Cir. 1998).  The fact that the determination was made by the local court is not an impediment to the application of the doctrine at the Federal Court. According to the constitutional provision of "full faith and credit" said judgment is binding to this Honorable Court, as well see Texaco Puerto Rico, Inc. v. Medina 834 F. 2d. 242 (1987); In re: Manatí 357 F. Supp. 1253 (1972); Arroyo v. Kmart Inc. 81 F. Supp. 201,301, (1977); Afd 230 F.3d. 1347(2000); U.S. App. Lexis 31,078 (1st District Puerto Rico 2000).

23.      In the judgment of January 14, 2015, decided by the Mayagüez Court and according to the facts of the same, there is the most perfect identity between the things, process and persons of the litigants and the capacity as such in both lawsuits which are the three elements to consider the application of *Res Judicata* doctrine. Pérez Gúzman vs. Aurelio Gracia 342 F. 3d 229; Olga González Abreu vs. Banco Central Corp. 27 F. 3d. 751.

> Claim preclusion and issue preclusion operates as an absolute bar for the re-litigation.   Other cases between the parties or their privies and that a prior

---

[12]Bonilla had retired in 1998 and Olga Torres had resigned in 1999 but the Pension Plan was terminated by Bella Vista Hospital in December 1998.  It was liquidated in 2003 when the benefits payment were distributed. Accordingly plaintiff Olga Torres had no disability benefits at time because the plan had been terminated.  She had not contributed to the plan.

[13] Said judgment and the documents which  supported that the same became final, were submitted as Exhibits, (at Dkts. 197 &198).

judgment rendered on the merits is conclusive not only to the issues which were determined, but as to all matters which may have been determined as well. See Westcott Construction vs. Firemen's Fund, First Circuit 1993, 760 F. 2d. 562 (1st Cir. 1985).

24.    On *Motion Submitting Declaration…* (at Dkt. 213), plaintiffs  pretend contrary to law,  from this Honorable Court to review First Instance Court Judgment of April 13, 2016, that adjudicated the case upon credibility, with improper allegations, like that "….such judgment was obtained by lying to plaintiffs…".

25.    Likewise, plaintiffs filed *Motion Submitting Declaration…* (at Dkt. 213), on April 26, 2016, right after local Court, notified on April 18, 2016, the Judgment entered on April 13, 2016, denying the complete complaint in all its parts, as a result of the trial hearings held on November 6, 2015, and November 30, 2015. The timing raises "discomforting specter of forum shopping". Cruz v. Melecio, 204 F 3d. 14, 24 (1srt. Cir. 2016).

26.    Plaintiffs continue on the motion (at Dkt.  213) to maintain their old, bold, general and  ungrounded  theories and /or allegations,  incorrectly labeling as new evidence, contrary to the facts and the evidence presented, and particularly in contradiction to the First Instance Court judgment and adjudication on April 13, 2016, upon credibility.

27.    The appearing parties request from this Honorable Court to deny plaintiffs' *Motion Submitting Declaration of Plan Administrator as New Evidence to Respond to Defendant's Exhibits* (at Dkt. 213) and therefore to deny plaintiff's  *Motion for Reconsideration,* (at Dkt. 204) and all plaintiffs's motions filed between (Dkt. 204 and Dkt. 213). Plaintiffs, based on those old, bold, general and ungrounded allegations and with no new evidence and  no new legal discussion, is improperly and contrary to law  requesting (at Dkt 213), to this Honorable Court to "reopen the case", requesting relief from the judgment of this Honorable Court's judgment (at Dkt. 166), that  dismissed the complaint for lack of jurisdiction, because the "Plan

was a church plan" as held (at Dkt. 165). Plaintiffs are not taking into consideration that  what  it is only  pending before this Honorable Court is plaintiffs' motion requesting reconsideration, (at Dkt.  204).

28.     Plaintiff' old, bold and baseless allegations, on *Motion Submitting Declaration….* (at Dkt. 213),  are insufficient to fulfill the standards required by FRCP 60 (b) (2) and (60) (b) (3), moreover they do not fulfill the narrowed standards of FRCP 60 (d). Likewise, when plaintiffs filed the original complaint, they knew or should have known that there was a 401 (k) at Bella Vista since 1999. See Opposition to Motion … from the appearing parties (at Dkt. 180), and later motions from the appearing parties, including Exhibits (at Dkt.  212-1 to 212- 3).

29.     The fraud cognizable to maintain an untimely attack upon a valid and final judgment has long been regarded as requiring more than common law fraud.     *George P. Reintjes Co. Inc. v. Riley Stoker Corp*. 71 F. 3d. 44, 48 (1st. Cir. 1995).  Untimely bid for relief justified only where enforcement of judgment would be manifestly unconscionable. Id, (quoting Hazel –Atlas Glass, Co. v. Hartford Empire Co. 322 U.S. 238, 244-245, (1944)). The fraud necessary for an untimely relief from judgment is narrower than that which is sufficient to obtain relief by timely motion. *George P. Reintjes Co. Inc,* 71 F. 3d. at 48, quoting *Gleason v. Jandrucko*, 860 F 2d. 556, 558 (2nd Cir. 1988). Those standards were not established by plaintiffs.

30.     Moreover, the baseless allegations from plaintiffs would not have the effect of changing this Honorable Court's Opinion and Order (at Dkt. 165), that the plan, is a church plan exempt from ERISA, coverage. The 1982 Bella Vista's Plan, amended in 1986, was terminated and liquidated effective in 1998. Plaintiffs did not contributed to the 401 (k) plan.  The 401 (k)

plan that began in 1999, is neither covered by ERISA because the plan classification has not change and because Bella Vista Hospital is an Adventist's organization member of the Adventist's Church.

**IN WITNESS WHEREOF**, the appearing co-defendants respectfully request this Honorable Court to deny plaintiffs' *Motion Submitting Declaration of Plan Administrator as New Evidence to Respond to Defendant's Exhibits* (at Dkt. 213) and therefore to deny plaintiff's *Motion for Reconsideration,* (at Dkt. 204) and all plaintiffs' motions filed between (Dkt. 204 and Dkt. 213), all in their entirety, and that an Order be issued.

**I HEREBY CERTIFY**:   That on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM\ECF system which will send notification  of  such filing to the  foregoing: Luis Vivaldi Oliver, Esq., vivaldipension@hotmail.com; Robert Millán, Esq. rmi3183180@aol.com; Cristina S. Belaval Burger, Esq., cbelaval@mocpr.com; Alberto Rodríguez Ramos, Esq., arr@edgelegalpr.com; Juan A. Márquez-Díaz, Esq. jam@mcvpr.com; Manuel A. Segarra-Vázquez, Esq., masvlaw@onelinkpr.net; Francisco Colón-Pagán, Esq., fjcolon@colonlaw.com; Fernando J. Valderrabano-Marina, Esq., fvalderrabano@mocpr.com; and Ariadna Alvarez, Esq., arialvarez@aol.com.

In Ponce, Puerto Rico this 17th day of May, 2016.

**MARTINEZ-TEXIDOR & MARTINEZ-VIVAS**

By:   **/S/ CARLOS G MARTÍNEZ-VIVAS**
**CARLOS G. MARTÍNEZ-VIVAS**
**USDC NUMBER 211102**
P. O. Box 9028
Ponce, Puerto Rico 00732
TEL: (787) 840-1180; FAX: (787) 840-1484
E-mail:  lawoffice@mtmvlaw.com