## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OLGA TORRES PAGAN AND PEDRO BONILLA CONCEPCION<br><br>　　　Plaintiffs<br><br>vs.<br><br>BELLA VISTA HOSPITAL, INC., BANCO POPULAR DE PUERTO RICO, THE ANTILLIAN UNION CONFERENCE OF THE SEVENTH DAY ADVENTISTS, THE RETIREMENT COMMITTE OF THE GENERAL CONFERENCE OF THE SEVENTH DAY ADVENTIST INTERAMERICAN DIVISION, THE GENERAL CONFERENCE OF THE SEVENTH DAYS ADVENTIST, BELLA VISTA HOSPITAL PENSION PLAN AND TRUST, THE ADVENTIST OF THE SEVENTH DAY INTERAMERICAN DIVISION RETIREMENT PLAN, BELLA VISTA HOSPITAL INC., 401 K PLAN AND TRUST, THE WATSON WYATT COMPANY, PANEL, KERR & FOSTER, MIGUEL RAMOS, the conjugal partnership between him and her spouse, Johan Doe, RUBEN PEREZ, the conjugal partnership between him and his spouse, Johan Roe<br><br>　　　Defendants | CIVIL NO. 2006-2158 (JAG)<br><br><br><br>COMPLAINT FOR DECLARATORY JUDGMENT, ERISA |

## MOTION IN SUPPORT TO REOPENING THE CASE BASED IN NEW FRAUD EVIDENCE RESULTING FROM DECLARATION OF THE PLANS ADMINSTRATORS

To the Honorable Court:

Comes now Plaintiffs, through the undersigned attorney and respectfully allege and pray:

Plaintiffs filed motion (at Docket 173), based on alleged fraud based under Federal Rules of Civil Procedure, (FRCP) 60(d)3, and requesting to set aside this Honorable Court's judgment (Docket 166). Plaintiffs are also requesting this Court to set aside prior state court judgments in this case.

1.      Plaintiffs are disabled retirees since 1997 and 1999 respectively, who file this case in state court in 2004, after Defendants commenced a plan termination procedure few weeks after Mr. Torres claimed for her immediate disability pension benefit under the Pension Plan on March 17, 2003. Bella Vista commenced the procedure to terminate the Plan in April 4, 2003. Filed a *Motion Requesting Leave to Introduce 'New Evidence' Resulting From Witnesses' Testimony In State Court*, (Docket 205) and on April 26, 2016, "Motion Submitting Declarations of Plan Administrator as New Evidence (Docket 213).

2.      The new evidence consists of the declaration that established the origin of the wrongdoing, misrepresentation, fraudulent acts and fiduciary violations in this case.

3.      The testimonies were given by the administrator of two (2), of the three (3) plans maintained by Bella Vista Hospital Inc., of Mr. Juan José Santiago, trustee for the Bella Vista 401k plan and Mr. Benjamin Astacio, Administrator of the Pension Plan.

4.      Mr. Santiago testified that Defendant Banco Popular was the trustee of the Bella Vista 401k prior to 2001, a fact undisclosed by Defendants and unknown to Plaintiffs until the State Court trial date.

5.       Mr. Astacio's testimony was to the effect that the amount represented in the NOITT provided to plaintiffs on September 2003 was not the accrued benefits as defined in the plan rules document. Because the amount of the benefit accrued is not expressed in the form of a monthly/annual benefit, such notice is not a valid NOITT.

6.      Based in ERISA and the United States common laws, this Court has jurisdiction to reopen the case, giving Plaintiffs the opportunity to restore their benefits forfeited through and illegal and fraudulent procedure based on defendants' wrongdoings, ambiguities and bad faith. 7.

7.      Plaintiffs claim illegal plan termination, improper benefits denials and forfeiture of vested accrued benefits.

8. Mr. Torres is entitled to disability benefits since 1999, which have been improperly denied through misrepresentation, fraud and fiduciary violation, whether under ERISA or the PRE-ERISA common law.

9. Federal and State court judgments must be declared null and void for fraud to the Court and to the parties consisting in continuing hiding of essential plan and benefit information that impaired Plaintiffs' ability to effectively claim for their benefits under the Pension Plan.

10. When plaintiffs were notified in 2003 about the termination of the plan effective December 31, 1998, they were not informed about the amount of their accrued benefits under the Pension Plan as of the proposed termination, December 31, 1998.

11. The amount informed in their NOITT does not represent such amount. What do such amount represent has not been clearly disclosed to Plaintiffs and the courts. As of this date, it is not clear what do such amount contained in the NOITT represents.

12. At the second sentence of paragraph 14 of motion in opposition (Docket 216) Bella Vista expressed that what Mr. Astacio testified was that such amount represents "the results of their benefit at the termination of the plan representing said amount of a global payment of their accumulated benefits." It is not clear whether the global amount was valued as of December 31, 1998, or as of September 2003.

13. Defendants have a fiduciary duty to disclose all the process under which this plan was retroactively terminated, including the conversion from a defined benefit to an specific amount, which has remain without change in value since 1998 or 2003, depending what it represents.

14. Between 1999 and 2001 Bella Vista comingled plans funds and operation under the same trust agreement maintained for the Pension Plan. Defendants are violating their fiduciary

3

disclose to disclose all this information to plaintiffs, whether under ERISA regulatory scheme or PRE-ERISA common law framework.

15.    In both cases, Defendants have a fiduciary duty to disclose all the process under which this plan was retroactively terminated and plaintiffs' pension monthly benefit converted from a defined benefit to an amount that has been the same from 1998 to this date.

16.    Based in ERISA and the United States common laws, this Court has jurisdiction to reopen the case, giving Plaintiffs the opportunity to restore their benefits forfeited through and illegal and fraudulent procedure based on defendants' wrongdoings, ambiguities and bad faith.

17.    Trustees have a general duty to disclose information to trust beneficiaries. With the exception of the statutory duty to account, this has traditionally been a common law fiduciary duty. See Bogert, Trusts & Trustees, Second Edition Revised, §961 explains the reason for this duty as follows: The beneficiary is the equitable owner of the trust property, in whole or in part. The trustee is a mere representative whose function is to attend to the safety of the trust property and to obtain its avails for the beneficiary in the manner provided by the trust instrument. That the settlor has created a trust and thus required thatthe beneficiary enjoy his property interest indirectly does not imply that the beneficiary is to be kept in ignorance of the trust, the nature of the trust property and the details of its administration. If the beneficiary is to be able to hold the trustee to proper standards of care and honesty and to obtain the benefits to which the trust instrument and doctrines of equity entitle him, he must know of what the trust property consists and how it is managed.

18. On William E. Fratcher, Scott On Trusts, §173 (Fourth Edition) it is stated that:

The trustee is under a duty to the beneficiaries to give them on their request at reasonable times complete and accurate information as to the administration of the trust. The beneficiaries are entitled to know what the trust property is and how the trustee has dealt with it. They are entitled to examine the trust property and the accounts and vouchers and other documents relating to the trust and its administration. Where a trust is created for several beneficiaries, each of them is entitled toinformation as to the trust. Where the trust is created in favor of successive beneficiaries, a beneficiary who has a future interest under

4

the trust, as well as a beneficiary who is presently entitled to receive income, is entitled to such information, whether his interest is vested or contingent.

19.   No evidence has been provided by defendants to establish that the plan was replaced to a defined contribution plan in 1999 as announced. As of this date, Defendants have not provided to Plaintiffs and /or to the courts the   trust agreement, plan communication material or any other information, available   for helping   Plaintiffs   obtaining information about the 999 Defined Contribution Plan (the 401k Plan).

20.   A trustee has the fiduciary duty, upon demand by the beneficiary, to promptly respond to a request for information concerning the trust and its administration: Restatement of the Law of Trusts 3 rd §82; Scott on Trusts §173; and Bogert, The Law of Trusts and Trustees §961. Authority for the existence of this duty exists in the writings of the commentators set forth above as well as the general recitation contained in Shannon v. Frost National Bank, 533 S.W.2d 389 (Tex. Civ. App. – San Antonio 1975); Montgomery v. Kennedy, 669 S.W.2d 309 (Tex. 1984); and Huie v. Deshazo, 922 S.W.2d 920 (Tex. 1996).

21.   A trustee has the fiduciary duty, without any demand, to disclose to the beneficiaries all material facts known to the trustee that might affect the beneficiaries' rights. Kinzbach v. The CorbettWallace Corporation, 160 S.W.2d 509 (Tex. 1942); Shannon v. Frost National Bank of San Antonio, 533 S.W.2d 389 (Tex. Civ. App. – San Antonio 1975); Montgomery v. Kennedy, 669 S.W.2d 309 (Tex. 1984); Huie v. Deshazo, 922 S.W.2d 920 (Tex. 1996); Restatement of the Law, Trusts 2d, §170; Scott on Trusts, §170; Bogert, Trusts and Trustees, §961. The breach of the duty of full disclosure by a fiduciary is tantamount to fraudulent concealment. Willis v. Maverick, 760 S.W.2de 642 (Tex. 1988). The beneficiary is not required to prove the elements of fraud, Archer v. Griffith, 309 S.W.2d 735 (Tex. 1965); Langford v. Shamburger, 417 S.W.2d 438, (Tex.App.—Ft. Worth 1967, writ ref'd n.r.e.), and need not even prove that he relied on

the fiduciary to disclose the information.  Johnson v. Peckham, 120 S.W.2d 786 (Tex. 1938); Miller v. Miller, 700 S.W.2d 941 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

The trustee's duty of full disclosure extends to all material facts affecting the beneficiaries' rights. This duty exists independently of the rules of discovery, applying even if no litigious dispute exists between the trustee and the beneficiaries. Huie, supra, 923.

22.      Plaintiffs have no doubt that  Defendants incurred in fiduciary fraud to the court and to the parties during the state and federal case:

First, in this case, defendants Banco Popular, Watson Wyatt Bella Vista and Jesus Nieves, a fiduciary of the 401k lied, denying  relation or knowledge of Bella Vista 401k Plan.

Second, the NOITT  delivered in 2003 was not valid,  for purposes of terminating the Plan in 1998,  because it  does not contain their accrued benefit under the Pension Plan as of the proposed  Plan termination date.

Third, Defendants did not provide Plaintiffs  information as to how  plaintiffs benefits were converted from a defined benefit  under the Pension Plan to an individual account, as to what such amount  represents. Neither  provided  copy  of resolutions, plan rules documents,  plan returns, benefit actuarial  calculation.

Fourth, none of the defendants  who filed *Opposition to Motion to Set Aside Judgment* have informed, as part of their duty to disclose, that Banco Popular was the trustee of the new plan. It was  indicated by Mr. Santiago when testified during the trial in the state court.

Fifth,  it is stated now by Bella Vista Hospital, (for first time in 13 year of litigation) in the second sentence of paragraph 21 of  motion in opposition (Docket 216) that " The 401(k) Plan was organized with Banco Popular in 1999 (a defined contribution plan). As of this date all Defendants have denied any relation with the 401k, the same way Mr. Jesus Nieves, Executive Director of the

6

hospital and Member of the 401k Committee denied its existence while been served with the summon in this case

Sixth, Plaintiffs knew about the existence of the 401k /defined contribution plan because it was contained in the employee manual  informed in the November 16, 1998 letter and mentioned in the Notice of Intent to Terminate the Plan (NOITT) Docket 207, Exhibit A. But beside these three (3) documents and the employee manual dated  there is no other indication that a defined contribution plan existed between 1999 and 2001.

Seventh, since 2003 this attorney know that Bella Vista intention was to establish in 1999 a defined contribution , 401k type plan,  to replace  and terminate the existing  Defined Benefit Pension Plan. Since that date, we are seeking evidence of that replacement, and as of this date, any defendant  has provided evidence, whether in federal or state court, to explain what happened between 1998 and 2001 in relation to the plan termination and establishment of the 401k plan. It was included in the complaint as a separate entity because there was communication representing that such plan existed. Based on that knowledge is that we served a separate summon to such plan through the  Executive Director of the hospital, which resulted to be member of the Committee and fiduciary of   the plan. That why we got surprised when he denied the existence of the Bella Vista 401k plan.  The True is that the plan name was the 401 k plan was established by another employer, not Bella Vista Hospital and during 2001 to  2009, the year this  issued it judgment, it changed names on three times.  On an unknown date, the plan was adopted by Bella Vista Hospital.

23.     As of 2006, when this case was filed in this court, Plaintiffs were unaware as to who was the trustee of the 401k. That is what Plaintiffs were seeking when served summon to the 401k, which was fraudulently vacated by defendants. No other document has been provided or explanation given by any defendant in the case   as to their  involvement  with the establishment and operation  of the defined  contribution  announced in the November 16, 1998 letter.

7

The testimony of Mr. Juan Jose Santiago at trial in state court established that Banco Popular was the trustee of the Bella Vista 401k plan before they were contracted in 2001. But when Plaintiffs intended to serve the summon for the 401(k) such fact was unknown to Plaintiffs and undisclosed to this court.  Contrary to that, defendants were hiding such information to Plaintiffs and the courts.

23.    Any of the Defendants disclosed information of the new plan when requested by Plaintiffs.  The only information obtained by Plaintiffs was obtained through an administrative claim filed with the Oriental Bank, as the successor trustee of the 401k plan since 2001.

24.    The following are some issues to be clarified if case is reopened by the Court.

First, whether the successor plan established between 1999 and 2001 was a misrepresented fact;

Second, the Plans are qualified only plans.   None of the plan administrator have produced election notice under 1022(i) 2 to be subject to Section 401a of the IRC. This court must determine if the no election under 1022(i)(2) by the plan administrator impair them to obtain a church plan status in Puerto Rico. There is no a church plan exemption available under  Puerto Rico Internal Revenue Code  for Puerto Rico qualified only plans (PRQOP),  if  the plan  administrator has not make an election under ERISA 1022(i)2. Such plan is not subject to the US Internal Revenue Code (IRC);

Third, Defendants are requesting from this Honorable Court to apply the res judicata doctrine as to the partial, but final judgment entered on January 12, 2015, from State Court, that granted a motion for summary judgment in favor of the appearing defendants deciding that plaintiff Olga Torres is not entitled to disability benefits according to Bella Vista Pension Plan. This Court may not conclude that the judgment rendered in the judgment in the local case, of January 14, 2015, that became final, constitutes *Res Judicata* because it was obtained by fraud

8

and  by hiding essential information to Plaintiffs which impaired his ability to litigate the pension claim  in the merits.   Also, because the Judgment includes an incorrect but final and firm decision

by the court that Mr. Torres accrued benefit under the Pension Plan as of  the plan termination date was $ 15,826.38. Which means that Mr. Torres Benefits  is entitled to an annual  benefit of such amount for life, payable on a monthly basis. Not the single lump sum payment that defendants are alleging it represents.

For the above mentioned reasons Plaintiffs request this Court to reopen this case to determine over plaintiffs' right to disability and/or pension benefits based in the new testimony of the administrators of the Pension Plan and the 401k plan.

Plaintiffs incorporate to this motion the private transcript (page 276, line 10 to page 285, line 12), submitted by Bella Vista Hospital attached as Exhibit A, of Docket 216 and an accurate and complete testimony of attorney Santiago, from the defendants' private transcript as Exhibit B of Docket 216.

**IN  WITNESS  WHEREOF**, the  appearing  parties  respectfully  request  this  Honorable Court to reopen the case based in the fact that the testimonies of the plan administrators established the origin of the fraud and misrepresentation claimed by Plaintiffs in this case.

**I HEREBY CERTIFY**:   That on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM\ECF system which will send notification  of  such filing to the  foregoing:  Carlos  Martinez- Vivas  at  lawoffice@mtmvlaw.com   Robert  Millán,  Esq. rmi3183180@aol.com; Cristina S. Belaval Burger, Esq., cbelaval@mocpr.com; Alberto Rodríguez Ramos, Esq., arr@edgelegalpr.com; Juan A. Márquez-Díaz, Esq. jam@mcvpr.com; Manuel  A.  Segarra-Vázquez,  Esq.,  masvlaw@onelinkpr.net;  Francisco  Colón-Pagán,  Esq.,

fjcolon@colonlaw.com; Fernando J. Valderrabano-Marina, Esq., fvalderrabano@mocpr.com; and

Ariadna Alvarez, Esq., arialvarez@aol.com.


In San Juan, Puerto Rico this 3[th] day of June, 2016.

> **s/Luis Vivaldi Oliver**
>  **Luis Vivaldi Oliver, Esq.**
> U.S.D.C.P.R. 214413
> Attorney for Plaintiff
> **LAW OFFICES OF**
> **LUIS VIVALDI OLIVER**
> P.O. Box 191340
> San Juan, P.R. 00919
> Tel. (787) 413-2218
> Fax. (787)998- 8678
> *e-mail: vivaldipension@hotmail.com*
>
> **s/Robert Millán**
> **Robert Millan, Esq.**
> **MILLAN LAW OFFICE**
> USCDPR 202406
> Calle San José #250
> San Juan, PR 00901
> Tel: (787) 725-0946
> *e-mail: rmi3183180@aol.com*